PER CURIAM.
—This action was brought to recover the sum of $7,200, the-rmount of commissions alleged to be-due to plaintiff’s assignor under a certain agreement for purchase of bonds that said assignor, one B. H. Oppenheim, had entered into with de *425 fendant. The appeal before ns is by the plaintiff from a judgment entered at the trial term dismissing the complaint. At the' close of plaintiff’s case, in granting the motion of the defendant that the complaint be dismissed, the learned trial judge delivered the following opinion:
“To recover in this action, the burden of proof, is upon the ‘ plaintiff to establish such a breach of the contract on the part of defendant as would entitle Mr.’Oppenheim to recover his whole commission on the whole issue of the bonds to the amount of $400,000. ■ The defendant did not decide not to negotiate the balance of the bonds, and it did not fail to cause them to be prepared; but, on the contrary, the second series of $100,000 of bonds were prepared and tendered to Mr. Oppenheim for negotiation, and were refused by him. Unless Mr. Oppenheim was justified, under tliecon tract, in refusing them, and refusing to go any further, this constituted a breach of the contract on his part, and released the defendant from any further obligation under the contract. The whole case, therefore, turns upon the question whether Oppenheim was justified in his refusal. It is claimed that he was justified by reason of the alleged fact that the proceeds of the first series of bonds had not been expended strictly for the purposes for which the defendant was bound to expend them; but the evidence, in. mv judgment, does not establish the claim. Mr. Oppenheim, under his contract, had no right to control the manner or the order in which the work was to be prosecuted. As long as the expenditures were incurred farwotk within the general scope of the act. n of 1889, or for work preliminary to the inauguration of the system or any part thereof, comtemplated by the act of 1889, it was sufficient. If the application of the proceeds of the bonds can be-questioned at all,—as "to which there may be a strong doubt,—the authorities of the city of Key West necessarily ought to have a discretion in directing all preliminary measures, and in the manner and the order of the prosecution of the general plan authorized by the act of 1889, and Mr. Oppenheim could not control the exercise of that discretion. The resolution referred to by the plaintiff’s counsel is not of itself a breach of the contract. Under all the facts as they appear, the motion to dismiss must be granted. There- béing no dispute as to the facts, there can be nothing tbsubmit to the jury.
A careful examination of the evidence does not disclose any dispute as to the facts. Assuming all the testimony offered by plaintiff to be true, and adopting the inferences most favorable to him, we are of the opinion that he had failed to establish a cause of action." We concur in the conclusion of fact reached by the learned trial judge and with the principles of law applied to the case. The record is free from error.
The judgment is right, and should be affirmed, with costs to the-respondent.